UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,       CRIMINAL NO. 13-20772

      Plaintiff,

                                  HONORABLE PAUL D. BORMAN

vs.

D-1 RASMIEH YOUSEF ODEH,

      Defendant.
_____/

MOTION *IN LIMINE* OF UNITED STATES TO RULE ADMISSIBLE
FOR TRIAL FOREIGN EVIDENCE PRODUCED PURSUANT TO
MUTUAL LEGAL ASSISTANCE TREATY, AND
<u>BRIEF IN SUPPORT THEREOF</u>

NOW COMES the United States, and for its Motion *In Limine* To Rule Admissible For Trial Foreign Evidence Produced Pursuant To Mutual Legal Assistance Treaty, and Brief in Support Thereof, states:

    1.    The defendant has been charged in an Indictment with Unlawful Procurement of Naturalization, in violation of 18 U.S.C. § 1425(a). The elements of this offense are: (1) the defendant is a naturalized citizen who misrepresented or concealed some fact, (2) the misrepresentation or concealment was made knowingly, (3) the fact was material, and (4) the defendant procured citizenship as

a result of the misrepresentation or concealment. *United States v. Latchin*, 554 F.3d 709, 713-714 (7th Cir. 2009).

2. The false material facts alleged in the indictment are statements defendant made on her Form N-400, Application for Naturalization:

> A. Have you **EVER** been arrested, cited, or detained by any law enforcement officer (including INS and military officers) for any reason? (N-400, Part 10, Section D, question 16).
>
> B. Have you **EVER** been charged with committing any crime or offense? (N-400, Part 10, Section D, question 17).
>
> C. Have you **EVER** been convicted of a crime or offense? (N-400, Part 10, Section D, question 18).
>
> D. Have you **EVER** been in jail or prison? (N-400, Part 10, Section D, question 21).
>
> E. Have you **EVER** given false or misleading information to any U.S. government official while applying for any immigration benefit or to prevent deportation, exclusion, or removal? (N-400, Part 10, Section D, question 23).
>
> F. Have you **EVER** lied to any U.S. immigration official to gain entry or admission into the United States? (N-400, Part 10, Section D, question 24).

(Bold and capitalization in Form N-400.)

3. In fact, as the indictment alleges, defendant had been arrested, charged, tried, convicted and imprisoned in Israel, for her participation in two terrorist bombings in 1969.

4. In order to prove that defendant had in fact been arrested, charged,

tried, convicted and imprisoned in Israel, the United States issued a formal Mutual Legal Assistance Treaty request to the government of Israel. *See* Treaty with Israel on Mutual Legal Assistance in Criminal Matters, January 26, 1998, Senate Treaty Doc. No. 105-40 (hereinafter, "the MLAT"), which is attached as Exhibit A. Israel responded by producing hundreds of pages of documents in Hebrew, which includes trial transcripts, police reports, identity documents, fingerprint cards and other law enforcement documents. When translated, the documents are approximately 1,400 pages in length. All documents, including the official request, official response, and certifications, in both the original Hebrew and with English translation, have been provided to defendant's current counsel, and were provided to her previous attorney as well. For ease of reference, those pages were marked with Bates numbering.

5.   As a general matter, "All Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." U.S. Constitution, Supremacy Clause, Article VI.

6.   In *Medellin v. Texas*, 552 U.S. 491 (2008), the Supreme Court held that "This Court has long recognized the distinction between treaties that automatically have effect as domestic law, and that – while they constitute

- 3 -

international law commitments – do not by themselves function as binding federal law." *Id*. at 504. "[A] treaty is 'equivalent to an act of the legislature' and hence self-executing, when it 'operates of itself without the aid of any legislative provision.'" *Id*. at 504-505 (citations omitted). "When, in contrast, 'treaty stipulations are not self-executing they can only be enforced pursuant to legislation to carry them into effect.'" *Id*. at 505 (citation omitted). Thus, treaties do not constitute "domestic law unless Congress has either enacted implementing statutes or the treaty itself conveys an intention that it be 'self-executing' and is ratified on those terms." *Id*.

7. The MLAT is in fact self-executing and was ratified on those terms. See Exhibit A at (III), Letter of Transmittal from President William J. Clinton to the Senate of the United States, second paragraph ("The Treaty is self-executing.").

8. The MLAT provides:

> Evidence provided by the Requested State pursuant to this Article or which is the subject of testimony taken under this Article may be authenticated by an attestation, or in another manner specified by the Requesting State, which may include, in the case of business records, authentication in the manner indicated in Form A appended to this Treaty, if so requested. No further authentication or certification shall be necessary in order for such documentary information to be admissible in evidence in proceedings of the Requesting State.

MLAT, Article 8, ¶ 6.

9. The evidence provided by Israel is properly attested. To begin with,

the entire MLAT production contains a certification from the State of Israel, Directorate of Courts to the United States Department of Justice, Office of International Affairs, dated May 31, 2011 (Bates number 90), certifying the response to the request. A copy of that attestation is attached as Exhibit B. Then there are additional individual attestations which individually cover portions of the documents and which collectively cover all of them. Exhibit C, Bates Number 163, attests to the authenticity of computer printouts for the Jail Services Administration, State of Israel. Exhibit D, Bates number 165, attests to the authenticity of police documents relating to defendant's 1975 arrest for escape. Exhibit E, Bates number 183, attests to the authenticity of defendant's fingerprint taken following her 1975 arrest for escape. Exhibit F, Bates number 192, attests to the authenticity of the entire investigative and court file of defendant's trial (which constitutes the bulk of the MLAT evidence). Exhibit G, Bates number 295, attests to the authenticity of defendant's personal information form from her 1975 arrest for escape. Exhibit H, Bates number 297, attests to the authenticity of computer printouts for the Jail Services Administration, State of Israel, relating to defendant's incarceration, case number, and previous incarceration. Exhibit I, Bates number 301, attests to the authenticity of defendant's 1996 identity card application and 1967 identity card. Exhibit J, Bates number 305, attests to the authenticity of defendant's fingerprints, fingerprint analysis, and photograph order

form.

10. Based on the terms of the Treaty, the documentary evidence is deemed admissible based on the attestations, and "No further authentication or certification shall be necessary in order for documentary information to be admissible in evidence in proceedings of the Requesting State [i.e., the United States]." MLAT, Article 8, ¶ 6.

11. The United States hereby moves the Court to rule the documents identified in Exhibit K, identified by Bates number and description, admissible for trial. The government is not yet prepared to state whether it will offer all or just some of the identified documents at trial, but seeks to streamline the admission process, and will provide an exhibit list for trial which identifies exactly which MLAT documents will be offered.

12. Pursuant to Local Rule 7.1(a)(2)(B), on July 9, 2014, by email, the undersigned sought concurrence of Michael Deutsch, James Fennerty and William Goodman, counsel for the defendant, for the relief requested herein. Subsequently, defendant has refused concurrence, necessitating the filing of the instant motion and brief.

WHEREFORE, the United States prays that the Court grant its motion, and rule admissible for the documents identified in Exhibit K, identified by Bates number and description.

Respectfully submitted,

BARBARA L. MCQUADE
United States Attorney

s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

s/Mark J. Jebson
MARK J. JEBSON (P53457)
Special Assistant U.S. Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
(313) 226-9698
mark.jebson@dhs.gov

Dated: August 1, 2014

CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2014, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which will send notification of such filing to all ECF filers.


s/Jonathan Tukel
JONATHAN TUKEL (P41642)
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9749
jonathan.tukel@usdoj.gov

s/Mark J. Jebson
MARK J. JEBSON (P53457)
Special Assistant U.S. Attorney
211 W. Fort, Suite 2001
Detroit, MI 48226
(313) 226-9698
mark.jebson@dhs.gov

Dated: August 1, 2014