UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**             CRIMINAL NO. 13-20772

    **Plaintiff,**

                                    HONORABLE PAUL D. BORMAN

**RASMIEH ODEH**

    **Defendant.**

_____/

**DEFENDANT'S REPLY TO THE GOVERNMENT'S OPPOSITION TO THE DEFENDANT'S MOTIONS IN LIMINE TO PRECLUDE THE LABEL OF TERRORISM, TERRORIST MEMBERSHIP OR TERRORIST ACTIVITIES AT HER TRIAL**

**THE GOVERNMENT'S RESPONSE MISSTATES THE LAW AND SEEKS AN UNFAIR TRIAL REPLETE WITH ACCUSATIONS OF "TERRORISM" WHICH THIS COURT MUST NOT ALLOW.**

The government begins its argument that the specifics of the charges for which the defendant was convicted of at the Israeli military court 44 years ago, are relevant and necessary to prove the elements of the statute, by misstating the elements of Sec 1425(a) as set out in the two cases, *Kungys v. United States*, 485 U.S. 759, 767 (1988) and *United States v. Latchin*, 554 F.3d 709, 713-14 (7th Cir. 2009), which clearly state the statute's requirements. Instead of stating (2) as the

misrepresentation or concealment must be done "willingly," it substitutes the word "knowingly" for willingly.

It is understandable that the government wants to limit the intent required in the statute to "knowingly" as it is part of their position that the statute is a general intent crime. See Response to Bar Expert Witness and Defendant's Reply).

In *Bryan v. United States*, 524 U.S. 184, 189-190 (1998) the Supreme Court explained that a "willful act is one undertaken for a bad purpose." And upheld the instruction that stated:

> A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law. Now, the person need not be aware of the specific law or rule that his conduct may be violating. But he must act with the intent to do something the law forbids.

*Id.* at 190

The government wants this Court to interpret the statute to simply require that the defendant voluntarily applied for citizenship contrary to the law, without any need to prove that the defendant intended to violate the law. A criminal statute cannot punish someone without a showing of culpable intent.

This distorted overly narrow application of a criminal statute almost akin to a strict liability standard, must be viewed in light of the over expansive view of what

is relevant for the government to introduce at trial. The government argues that not only should the defendant not be allow to call an expert about her PTSD condition ignoring the element of willful, but that any mention that she was horrifically tortured and that her conviction and imprisonment is a direct product of this torture must also be precluded at the trial. At the same time, the government insists that it must parade before the jury that she was convicted of two bombings in which "civilians" were killed, including presentation of hundreds of pages of Israeli documents. It also argues that in order to satisfy the elements of materiality and procurement, it can call an immigration expert to testify further the defendant was convicted of "terrorist activities" and was a member of a "terrorist organization"

Under these circumstances, can it be denied that he jury would be focused on the defendant's alleged acts of "terrorism," including the deaths of civilians and her alleged membership in a "terrorist organization, even though it was designated by the U.S. Secretary of State in 1997, twenty eight year after was charged with membership.

The Court has an obligation to ensure that the defendant has a fair trial free from prejudice and evidence that is not necessary for the government to admit in order to prove up its case. The government's evidence must be reined it to prevent the trial form becoming a terrorism trial. Stipulations and limitations on the evidence must be implemented to limit the prejudicial effects and the real possibility that the

jurors will be misled from the relevant facts. There is no need for the government to show that that the defendant was convicted of bombings or membership in a "terrorist organization." Similarly it is not necessary for the government to put on an expert to opined that since the defendant was convicted of "terrorist activities" or membership in a terrorist organization (she was convicted of membership in an illegal organization) in order to establish the elements of materiality or procurement. Those elements are not contested by the defense and can be the product of stipulation or judicial notice. The defendant is entitled to a fair trial free of the devastating prejudice caused by charges of terrorism.

Dated: August 1, 2014            Respectfully submitted,

/s/ Michael E Deutsch
Michael E. Deutsch
1180 N. Milwaukee Ave,
Chicago, IL 60642
(773)-235-0070
Michaeled45@gmail.com

## CERTIFICATE OF SERVICE

Michael E. Deutsch, hereby certifies that he has filed the above reply to the parties of record through the ECF system on August 1, 2014,

/s/ Michael E. Deutsch