```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

**UNITED STATES OF AMERICA,**

        Plaintiff,

                              **HONORABLE PAUL D. BORMAN**

  v.                             **No. 13-20772**

**RASMIEH YOUSEF ODEH,**

        Defendant.

_____/

**PLEA HEARING**

**Wednesday, May 21, 2014**

**4:22 p.m.**

APPEARANCES:

   For the Plaintiff:        **JONATHAN TUKEL**
                                      U.S. Attorney's Office
                                      211 West Fort Street
                                      Suite 2001
                                      Detroit, Michigan  48226
                                      (313) 226-9100

                                      **MARK J. JEBSON**
                                      Immigration and Naturalization Service
                                      333 Mt. Elliott
                                      Detroit, Michigan  48207
                                      (313) 568-6033

   (Appearances continued)

             <u>To Obtain Certified Transcript, Contact:</u>
             Leann S. Lizza, CSR-3746, RPR, CRR, RMR
                        (313) 965-7510

```
 1   APPEARANCES (Continued):
 2      For the Defendant:        WILLIAM W. SWOR
                                  645 Griswold Street
 3                                Suite 3060
                                  Detroit, Michigan  48226
 4                                (313) 967-0200

 5      Also present:             Wejdan Nafsu, Interpreter

 6

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

**TABLE OF CONTENTS**

|  | Page |
|---|---|
| Plea hearing | 4 |

Exhibits: Received

(None offered.)

|   |   |
|---|---|
| 1 | May 21, 2014 |
| 2 | Detroit, Michigan |
| 3 | - - - |

4      (Call to order of the Court, 4:22 p.m.)

5      (Court, Counsel and Defendant present.)

6           THE COURT CLERK:  Now calling the case *United States
7 of America versus Rasmieh Yousef Odeh*, Case Number 13-20772.

8           THE COURT:  Parties please identify themselves for the
9 record and then we'll swear in the interpreter.

10          MR. TUKEL:  May it please the Court, Jonathan Tukel
11 appearing on behalf of the United States.

12          THE COURT:  And with you at counsel table?

13          MR. JEBSON:  Mark Jebson, Your Honor.

14          THE COURT:  Okay.  Very good.

15          MR. SWOR:  If it please the Court, William Swor
16 appearing on behalf of Ms. Odeh, and Ms. Odeh is at the table
17 with me along with the interpreter.

18          THE COURT:  Good afternoon, Miss Odeh.

19          THE DEFENDANT:  Good afternoon.

20          THE COURT:  Okay.  And would the interpreter please
21 give me her name.  I'm sure Ms. Lizza has it, but just so I may
22 know your name, please.

23          THE INTERPRETER:  Yes, Your Honor.  My name is Wejdan
24 Nafsu, W-E-J-D-A-N N-A-F-S-U.

25          THE COURT:  Okay.  Ms. Tofil, if you'd please swear in

1    the interpreter.
2         (Wejdan Nafsu, Interpreter, sworn, 4:23 p.m.)
3         THE COURT: Okay. Please. You may be seated.
4         Ms. Odeh, as we talk further in the proceeding, if
5    there's anything that you don't understand when your
6    interpreter interprets it for you, just raise your hand and
7    we'll stop and go over it to make sure you understand
8    everything. Is that okay?
9         THE DEFENDANT: Thank you.
10        THE COURT: Very good.
11        Today is the plea cutoff date for the case, and
12   Mr. Swor, can you tell me what the process is, and also then
13   I'll ask Mr. Tukel.
14        MR. SWOR: Your Honor, Mrs. Odeh -- Miss Odeh has
15   advised me that she does not wish to accept the government's
16   plea offer, that she intends to go to trial.
17        THE COURT: Okay. Then we have a trial date. And let
18   me just make sure that you, for the record, under *Lafler* --
19        MR. SWOR: Yes.
20        THE COURT: -- and the other cases, that you have
21   received the offer. Is it in writing or orally?
22        MR. SWOR: I have received a written Rule 11 plea
23   offer from the government.
24        THE COURT: Okay.
25        MR. SWOR: It consists of both a Rule 11 plea

1  agreement and a proposed guideline worksheet, set of guideline
2  worksheets.
3          THE COURT: Okay.
4          MR. SWOR: I have reviewed them with Miss Odeh. She
5  has had the opportunity to review them individually and with
6  me, along with Mr. James Fennerty.
7          THE COURT: That's spelled F-I-N-N-E-R-T-Y?
8          MR. SWOR: F-E-N-N-E-R-T-Y.
9          THE COURT: Thank you.
10          MR. SWOR: Who is an attorney in Chicago who has known
11  Miss Odeh for more than two decades, along with at least one
12  other attorney. We have discussed it at great length. She has
13  heard all the recommendation of counsel. She has thought about
14  this matter, knowing the ramifications of a plea and the
15  ramifications of a trial. We spoke as recently as last evening
16  about her options, and this morning she advised me that she had
17  determined that it was in her best interest to proceed to
18  trial.
19          THE COURT: Okay. Let me just ask Miss Odeh just to
20  voir dire to validate, not that I'm not believing you, but it's
21  necessary under the Supreme Court decisions with regard to the
22  lawyer informing his client of the plea offer.
23          Miss Odeh, yes, have you spoken with Mr. Swor about
24  the government plea offer?
25          THE DEFENDANT: Yes, I did.

1        THE COURT: Okay. And in terms of that plea offer,
2   you've gone over the provisions that the government, Mr. Swor,
3   had talked about to present to you; is that correct?
4        THE DEFENDANT: Yes.
5        THE COURT: And you understand that under the law,
6   Mr. Swor must inform you of that because it is an option that
7   you have and it does not in any way mean that he is not with
8   you in your corner in representing you?
9        THE DEFENDANT: I think from the beginning, I follow
10  up on case with Mr. Swor and I was asking about the
11  consequences and the facts. At that time I felt like I don't
12  have enough information to follow up my case. In the beginning
13  Mr. Swor was preparing for a trial. While we spoke about
14  getting people who are very well informed about my case, all of
15  a sudden, I felt that Mr. Swor was talking about a deal, a
16  bargain.
17       THE COURT: Well, he must tell you if the government
18  offers you one, so...
19       THE DEFENDANT: When he told me about the bargain, I
20  felt like this is not in my best interest. I'm looking for a
21  fair trial to make sure that I have my full rights in this
22  country. Maybe Mr. Swor thought that this deal is in my best
23  interest, but I think the other choice is better for me.
24  That's why I consulted with many attorneys. I also asked about
25  retaining an attorney in case I didn't want Mr. Swor to

1  represent me anymore, and yesterday I talked to Mr. Swor about
2  getting a different attorney who was going to work with the way
3  that I feel it's going to be in my best interest.  I also made
4  sure about this subject a few minutes before getting in court.
5  That's why I'm expressing my feeling and asking to change
6  Mr. Swor and get a different attorney.
7            THE COURT:  Well, let me just emphasize again that the
8  fact that he advised you of a plea does not mean he's --
9  doesn't represent you as he should, because he must advise you
10 of the plea.  You understand that?
11           THE DEFENDANT:  I'm not talking about his
12 responsibility of the bargain --
13           THE COURT:  No, it's --
14           THE DEFENDANT:  -- the government offered me.
15           THE COURT:  It's your choice.  In other words, the
16 attorney must tell you about it, but it is your choice.
17           THE DEFENDANT:  My choice is to go through a trial
18 with a new attorney.
19           THE COURT:  Okay.  If that is your decision, the
20 problem is that we have a trial date which is set for, what is
21 it, June --
22           MR. TUKEL:  June 10th, Your Honor.
23           THE COURT:  June 10th.  And so the Court has trials
24 trailing all through the summer.  And have you retained a new
25 lawyer?

1   THE DEFENDANT: I spoke to some and I'm almost -- I
2   had choosed an attorney to represent me in trial.
3   THE COURT: Okay.
4   THE DEFENDANT: But sure he's going to need some time
5   to look at my case and study it. That's why I'm asking the
6   Court to allow me or give me this chance to defend myself and
7   to choose and retain an attorney.
8   THE COURT: Do you want that attorney in addition to
9   Mr. Swor or that attorney instead of Mr. Swor?
10  THE DEFENDANT: Instead of Mr. Swor.
11  THE COURT: Instead of Mr. Swor.
12  Okay. Is there anything you want to add, Mr. Swor,
13  with regard to the statement from Miss Odeh?
14  MR. SWOR: No, sir.
15  THE COURT: Okay. This is very late in the day, and
16  so today is Wednesday. Will you let the Court know by Friday
17  who your new attorney is so we can make sure that he or she has
18  the discovery materials and the other materials that Mr. Swor
19  has and also that the government can provide as well so we can
20  keep the case in progress, and then we'll bring that attorney
21  into court with you and we'll talk about his or her
22  representation of you going forward.
23  THE DEFENDANT: Does that mean we have to be here at
24  the end of Friday with that attorney?
25  THE COURT: With the new attorney, you must attend

1   here because he or she must file an appearance with the Court,
2   and I want to make sure that he or she will be able to act
3   with --
4           MR. SWOR:  Diligence.
5           THE COURT:  -- with not having a trial schedule where
6   he or she says, well, Judge, you know, I'm busy with other
7   cases and I can't go to trial for six months or a year and
8   things like that.  So I need to have your attorney and you in
9   court on Friday.  My guess is that the attorney will probably
10  request additional time, but we're going to schedule a trial
11  date.  But let me ask, would you like till next Monday or
12  Tuesday?  Not Monday.  Monday's the holiday.  So next Tuesday
13  or Wednesday.
14          THE DEFENDANT:  Maybe Wednesday.
15          THE COURT:  Ms. Tofil, I think we have time on
16  Wednesday.
17          THE COURT CLERK:  10:30.
18          THE COURT:  Okay.  10:30 in the morning on Wednesday,
19  and you'll be here with your new attorney.
20          Okay.  And, Mr. Swor, will you make your file
21  available to whoever the new attorney is?
22          MR. SWOR:  I will, Your Honor.
23          THE COURT:  And, Mr. Tukel, you'll make -- I presume
24  you've provided a copy of discovery to Mr. Swor and whatever
25  additional, if there is anything additional, then you can go

1   there. But let me just say this. I have set -- we're going to
2   set a trial date. The time for filing motions, pretrial
3   motions is over. I've extended it. None were filed. So we're
4   going to set a trial date and we're going to go to trial, and
5   we'll give your lawyer time to prepare for trial, but we're
6   going to trial.
7           THE DEFENDANT: I thank you, Your Honor, for
8   understanding my needs.
9           THE COURT: Okay. Let me just ask the government, is
10  the plea offer open for the new counsel? I think he or she
11  should see it just to know the lay of the land about former
12  proceedings, but one thing is seeing the offer, another is
13  whether it continues to exist, and given that the -- it's
14  logical that the new lawyer will want additional time to
15  prepare for the trial. Will you be extending the plea offer or
16  not?
17          MR. TUKEL: I agree with what you said, Your Honor,
18  and in light of the Defendant's just telling us today that she
19  would like new counsel, I think we would extend it for
20  approximately a week or so after the next pretrial conference
21  that the Court has scheduled. So long way of saying yes.
22          THE COURT: Okay. Very good.
23          So then we'll see you here next Wednesday. Court is
24  adjourned.
25          MR. TUKEL: Your Honor?

1          THE COURT:  Wait.  Have a seat for a second.  Yes.
2          MR. TUKEL:  The Court, pursuant to the Supreme Court
3   decisions, placed on the record the substance of the plea
4   agreement which had been extended to the Defendant.
5          THE COURT:  Well, I didn't place the substance of it
6   on the record.  I placed the concept of the plea agreement.
7          MR. TUKEL:  Well --
8          THE COURT:  Miss Odeh indicated that she had gone over
9   it with Mr. Swor and is aware of the provisions.  So let me --
10  you want me to voir dire her further with regard to the
11  provisions of the Rule 11?
12         MR. TUKEL:  Not necessarily.  Well, that might be
13  helpful.  Mr. Swor stated that there was a plea agreement and
14  sentencing guideline worksheets, which is correct.  I wanted to
15  add that there was an additional provision regarding a
16  stipulated judicial order of removal, and part of the plea
17  agreement was that there would be a period during which the
18  Department of Immigration and Customs Enforcement would not
19  execute any removal or that would not be part of any sentence
20  if the Defendant is convicted at trial.  And I just wanted to
21  make that clear so that the record would be clear what she is
22  foregoing by rejecting the plea offer.
23         THE COURT:  Okay.  And, Mr. Swor, did you -- I'm sure
24  you did, but I'll ask, the record.  Did you go over with
25  Mrs. Odeh the fact -- the facts of the government's plea offer

```
 1   which created a guideline range of zero to six months which
 2   prevented a sentence above the six months and which also
 3   provided that if there were to be a guilty plea that there
 4   would be no government action with regard to removal of
 5   Mrs. Odeh from the country for a period of time?  Let me
 6   just -- which provision is it?
 7            MR. TUKEL:  It's paragraph 4, stipulation to judicial
 8   order of removal.
 9            THE COURT:  Okay.
10            MR. TUKEL:  The time period is --
11            THE COURT:  After sentencing, that --
12            MR. SWOR:  If I may, Your Honor.
13            THE COURT:  It's 180 days, I believe, period after.
14            MR. SWOR:  Either after imposition of sentence or
15   after completion of custodial sentence, if one is imposed.
16            THE COURT:  Right, that -- so if there were either a
17   sentence or no sentence, that the government would permit her
18   to 180 days to facilitate her travel arrangements from the
19   country rather than the usual situation, I think -- well, is
20   there a usual situation or is there not a usual situation?
21            MR. TUKEL:  Well, there is at least a possibility or
22   significant possibility or under certain scenarios mandatory
23   immigration detention which is not available under this plea
24   agreement.  Absent the plea agreement, those things are all
25   options.
```

1  THE COURT: Okay. And did you explain that to your
2  client, Mr. --
3  MR. SWOR: I explained to Miss Odeh that this
4  agreement allowed her -- that as a result of this agreement,
5  she would have to surrender her United States citizenship and
6  revert to the status of a lawful permanent resident, that she
7  also, as part of this plea agreement, the Court would enter an
8  order removing her from the United States. I advised her that
9  in a typical situation the government would have the right to
10 take her into custody because the underlying offense here is a
11 mandatory detention situation and that she would remain in
12 custody until the government was able to facilitate her removal
13 from the United States. I explained to her that under this
14 agreement the government would forego taking her into custody
15 and would give her a period of one -- up to 180 days to
16 facilitate her own departure.
17  THE COURT: Okay. Is that --
18  MR. TUKEL: That's all correct, Your Honor.
19  THE COURT: Okay. So I'll just ask Mrs. Odeh, your
20 lawyer explained that to you or you understand that now with
21 regard to one of the provisions in the agreement?
22  THE DEFENDANT: Yes.
23  THE COURT: Okay. And your decision is to proceed to
24 trial?
25  THE DEFENDANT: Yes, and I need to consult with a new

```
 1  attorney.
 2          THE COURT:  Right.  And with a new attorney.  I was
 3  going to add that as well.
 4          Okay.  Anything further from the government?
 5          MR. TUKEL:  No, Your Honor.
 6          THE COURT:  Anything further from Mr. Swor?
 7          MR. SWOR:  No, sir.
 8          THE COURT:  Okay.  Then we'll see you on Wednesday.
 9          THE DEFENDANT:  Thank you.
10          THE COURT CLERK:  Everyone please rise.  Court is in
11  recess.
12      (Proceedings concluded, 4:46 p.m.)
13                         -  -  -
14
15
16
17
18
19
20
21
22
23
24
25
```

| | |
|---|---|
| 1 | CERTIFICATION OF REPORTER |
| 2 | |
| 3 | I, Leann S. Lizza, do hereby certify that the above-entitled |
| 4 | matter was taken before me at the time and place hereinbefore |
| 5 | set forth; that the proceedings were duly recorded by me |
| 6 | stenographically and reduced to computer transcription; that |
| 7 | this is a true, full and correct transcript of my stenographic |
| 8 | notes so taken; and that I am not related to, nor of counsel to |
| 9 | either party, nor interested in the event of this cause. |
| 10 | |
| 11 | |
| 12 | S/Leann S. Lizza                                8-12-14 |
| 13 | Leann S. Lizza, CSR-3746, RPR, CRR, RMR          Date |