UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

Case No. 13-cr-20772
HON. GERSHWIN A. DRAIN

RASMIEH ODEH,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION FOR JURY QUESTIONNAIRE [#94]**

**I.**

Defendant is charged with unlawful procurement of naturalization in violation of 18 U.S.C. § 1425(a). Presently before the Court is the Defendant's Motion for a Jury Questionnaire, filed on September 22, 2014. The Government filed a Response in Opposition on September 30, 2014. Upon review of the parties' briefing, the Court concludes that oral argument will not aid in the resolution of the instant motion, therefore the Court will determine the instant motion on the briefs submitted. *See* E.D. Mich. L.R. 7.1(f)(2); E.D. Mich. L.Cr. R. 12.1(a). For the following reasons, the Court concludes that a jury questionnaire is unwarranted under the circumstances and will deny Defendant's request for a written questionnaire.

**II.**

The task of empaneling an impartial jury is left to the sound discretion of the district court. *United States v. Guzman*, 450 F.3d 627, 629 (6th Cir. 2006). Federal Rule of Criminal Procedure

-1-

permits the district court to conduct the voir dire as long as the court also allows each party to submit further questions that the court will ask if they are found to be properly directed to the issues of the case and the impartiality of the jury. Fed. R. Crim. P. 24(a)(2)(B); see also *United States v. Funzie*, 543 F. App'x 545, 552 (6th Cir. Nov. 5, 2013) (noting that while a district court must at a minimum "solicit questions from both parties' attorneys, [] the court is by no means *required* to ask these questions unless the court deems them proper or otherwise helpful to the voir dire process.") (emphasis in original). The Court has ordered the parties to submit their proposed questions by October 31, 2014 and will make its final determination as to voir dire questioning upon review and consideration of the parties' submissions.

Additionally, the Court notes that this case has not generated the publicity that usually warrants the use of a written questionnaire in this district. *See United States v. Umar Farouk Abdulmutallab*, case number 10-cr-20005 (defendant popularly referred to as the "underwear bomber" in a case that generated local, national and international press); *United States v. Kilpatrick*, 10-20403 (public corruption trial of the City of Detroit's former mayor, his father and others in a case generating extensive local and national press attention).

Defendant has failed to come forward with any evidence, nor even explain why this Court's usual practice of conducting voir dire is insufficient to uncover juror biases or other reasons precluding suitability to serve on Defendant's jury. This failure, coupled with the lack of extensive pretrial publicity, leads the Court to conclude that a jury questionnaire is unwarranted under the circumstances present here. The Court notes that it has undertaken certain measures to ensure that Defendant's rights to an impartial jury are respected by precluding the Government from using the

highly prejudicial terms "terrorist," and "terrorist activities" at trial.[1]

### III.

Accordingly, Defendant's Motion for a Jury Questionnaire [#94] is DENIED.

SO ORDERED.

Dated: October 27, 2014              s/Gershwin A. Drain
                                     GERSHWIN A. DRAIN
                                     UNITED STATES DISTRICT JUDGE

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 27, 2014.

                                     s/Felicia M. Moses for Tanya Bankston
                                     TANYA BANKSTON
                                     Case Manager

---

[1] Since the Court has concluded the terms "terrorist," and "terrorist activities" are inadmissible at trial, the term "freedom fighter" would also be inadmissible.