UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 13-20772

    Plaintiff,

                                  HON. GERSHWIN DRAIN

RASMIEH ODEH

    Defendant.

_____/

## MOTION FOR RECONSIDERATION OF UNCONSTITUTIONAL RESTRICTIONS ON THE DEFENDANT'S RIGHT TO TESTIFY IN HER DEFENSE.

NOW COMES the defendant, Rasmea Odeh, and respectfully requests that this Court reconsider his unconstitutionally restrictive ruling on the defendant's Fifth and Sixth Amendment right to testify in her own behalf. In support of this motion the defendant through her undersigned counsel states the following:

1. This Court has precluded the defendant from testifying to the fact that she was brutally tortured following her arrest by Israeli soldiers in 1969.

2. This ruling was made despite the Court's finding that her claims of torture were "credible" and despite the testimony of a torture expert who testified that Ms. Odeh's claims of torture were believable, and formed the basis for

1

her diagnosis that the defendant suffers from post-traumatic stress disorder (PTSD).

3. The Court's ruling was premised on the Court's revised determination that the charge in the case involves a crime of general rather than specific intent, that information concerning her condition is inadmissible, and would not be allowed as part of her defense.

4. Regardless of this determination, which the defendant believes is in error, the issue presented in this motion is the defendant's right to testify freely, fully and fairly testify in her own behalf.

5. The defendant is charged with "knowingly" providing false answers in "procuring" her naturalization. The crime is thus based entirely on the defendant's state of mind. Thus, as argued further in the within brief, to preclude her from testifying about everything that comprised her state of mind at the time she is accused of making false answers, would unfairly and erroneously limit her fundamental constitutional right to testify in her own defense.

6. The defendant should be allowed to testify to her background and life experiences, which by logic and definition should include her days of torture and the hands of the Israeli soldiers and secret police.

WHEREFORE, the defendant request that this Court remove all unconstitutional restrictions on her right to testify.

## BRIEF IN SUPPORT OF MOTION FOR RECONSIDERATION

### INTRODUCTION

If she is convicted, Rasmea Odeh will lose her citizenship in the country where she has lived for twenty years and built an exemplary life of service to her community. She has a fundamental constitutional right to testify in her own behalf, so that the jury may fully and fairly judge her character, honesty and credibility. There is no right more basic than the right to testify in one's own defense. In a case like this, where the issue is whether or not Ms. Odeh lied <u>knowingly</u>, and the key issue is therefore her state of mind, her entire life experience is relevant, and critical to presenting a full and fair defense. Specifically, Ms. Odeh must be allowed to talk about her life as a refugee from her homeland, and her arrest and torture, which were integral and directly relevant to her state of mind in 2004, when she obtained her naturalization.

### THE FIFTH AND SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION GUANRANTEE A CRIMINAL DEFENDANT THE RIGHT TO PRESENT A COMPLETE DEFENSE.

In *Rock v. Arkansas*, 483 U.S. 44, 51, (1987), the Supreme Court stated that the right of a criminal defendant to testify in their own behalf is one of the rights

4

that "are essential to due process of law in a fair adversary process." The Court in *Rock* went on to state that "restrictions of a defendant's right to testify may not be arbitrary or disproportionate to the purposes they are designed to serve. In applying its evidentiary rules a State must evaluate whether the interests served by a rule justify the limitation imposed on the defendant's constitutional right to testify," [and] that, "[a] State's legitimate interest in barring unreliable evidence does not extend to *per se* exclusions that may be reliable in an individual case. 483 U.S. at 55-56

The Court in Rock reasoned that, "[i]n applying its evidentiary rules a State must evaluate whether the interests served by a rule justify the limitation imposed on the defendant's constitutional right to testify." *Id.* [and] that "[i]n this case, the application of that rule had a significant adverse effect on petitioner's ability to testify." 483 U.S. at 57.

In *Crane v. Kentucky*, 476 U.S. 683, 685-86 (1986), a defendant was precluded from testifying about the circumstances of his interrogation after his motion to suppress his confession was denied. Defense counsel had argued that she had no intention of re-litigating the issue of voluntariness, but was seeking only to demonstrate the circumstances surrounding the confession. In reversing the ruling of the Kentucky Supreme Court, which had upheld the restriction on the defendant's right to testify, the U.S. Supreme Court found that "....the physical and

5

psychological environment that yielded the confession can also be of substantial relevance to the ultimate factual issue of the defendant's guilt or innocence." The Court found that the trial court's restriction on the defendant's testimony "deprived petitioner of his fundamental constitutional right to a fair opportunity to present a defense." 476 U.S. at 687.

The Court also reasoned that the evidence of the circumstances surrounding the interrogation of the defendant was especially relevant in the rather peculiar facts of the case.

> Petitioner's entire defense was that there was no physical evidence to link him to the crime and that, for a variety of reasons, his earlier admission of guilt was not to be believed. To support that defense, he sought to paint a picture of a young, uneducated boy who was kept against his will in a small, windowless room for a protracted period of time until he confessed to every unsolved crime in the county, including the one for which he now stands convicted. We do not, of course, pass on the strength or merits of that defense. We do, however, think it plain that *introducing evidence of the physical circumstances that yielded the confession was all but indispensable* to any chance of its succeeding. Especially since neither the Supreme Court of Kentucky in its opinion, nor respondent in its argument to this Court, has advanced any rational justification for the wholesale exclusion of this body of potentially exculpatory evidence, the decision below must be reversed.

476 U.S. at 691 (Emphasis added).

In the specific and peculiar facts of this case, the defendant's guilt *vel non* will be determined on whether or not she knowingly lied in obtaining her citizenship. The defendant asserts that she interpreted the questions in her application process to refer only to whether she was imprisoned, charged,

convicted or imprisoned for crimes that occurred in the United States. As to that defense, the credibility of her testimony is critical, especially in light of the government's claim that she knowingly lied in 2004 and is knowingly lying in her present testimony, she must be allowed to provide the jury with the evidence of her prior life experience, to corroborate this testimony,. To deny Ms Odeh the right to fully testify to show the jury that her defense is indeed credible and logical, particularly in light of the Court's ruling to preclude her PTSD expert witness from testifying, is to deny her Fifth and Sixth rights to Due Process and a Fair Trial. Ms Odeh must be able to testify fully about her experiences that were integral to the formation of her state of mind in 2004.

WHEREFORE, Ms. Odeh moves to reconsider Court's pre-trial ruling restricting her right to fully testify in her own defense.

Dated: November 3, 2014            Respectfully submitted,

                                                            /s/ Michael Deutsch
                                                            Attorney for Ms. Odeh
                                                            1180 N. Milwaukee Ave.
                                                            Chicago, 773-235-0070

## CERTIFICATE OF SERVICE

Michael E. Deutsch, hereby certifies that he has filed the above Motion to the parties of record through the ECF system on November 3, 2014.

/s/ Michael E. Deutsch